IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISON

| | | |
|---|---|---|
| SECURENOVA, LLC | § § § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:13-cv-905 |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § § | |
| LG ELECTRONICS, INC., | § | |
| LG ELECTRONICS U.S.A., INC. and | § | |
| LG ELECTRONICS MOBILECOMM | § | |
| U.S.A., INC., | § § | |
| Defendants. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

SecureNova, LLC ("SecureNova"), by and through its undersigned counsel, brings this action against LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG" and/or "Defendants"). In support of this Complaint, SecureNova alleges as follows:

**NATURE OF THE SUIT**

1. This is an action for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

## THE PARTIES

2.     Plaintiff SecureNova is a limited liability company organized under the laws of the state of Texas with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas 75093.

3.     On information and belief, LG Electronics, Inc. is a foreign corporation organized under the laws of the Republic of Korea.  Its principal place of business is located at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

4.     On information and belief, LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Ave., Englewood Cliffs, New Jersey 07632. Its registered agent for service of process is United States Corporation Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.     On information and belief, LG Electronics Mobilecomm U.S.A., Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 10225 Willow Creek Road, San Diego, CA 92131.  Its registered agent for service of process is national Registered Agents, Inc. of New Jersey, 100 Canal Pointe Blvd. Suite 212, Princeton, New Jersey 08540.

6.     Defendants are in the business of making, using, selling, offering to sell and/or importing devices which enable secondary communication devices to receive communication services.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

8. This Court has personal jurisdiction over Defendants by virtue of their systematic and continuous contacts with this jurisdiction, as well as because of the injury to SecureNova and the cause of action SecureNova has raised, as alleged herein.

9. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, due to at least their substantial business in this forum, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

10. Defendants have conducted and do conduct business within this District, directly or through intermediaries, resellers, agents, or offer to sell, sell, and/or advertise (including the use of interactive web pages with promotional material) devices in this District that infringe U.S. Patent No. 7,792,482 (the "'482 Patent" or the "Asserted Patent").

11. In addition to Defendants' continuously and systematically conducting business in this District, the causes of action against Defendants are connected (but not limited) to Defendants' purposeful acts committed in this District, including Defendants' making, using, importing, offering to sell, or selling devices which include features that fall within the scope of at least one claim of the Asserted Patent.

12. Venue lies in this District under 28 U.S.C. §§1391 and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have

committed and continue to commit acts of patent infringement in this District. For example, Defendants have used, sold, offered to sell, and/or imported infringing devices in this District.

## JOINDER

13. Defendants are properly joined under 35 U.S.C. §299(a)(1) because a right to relief is asserted against the parties jointly, severally, and in the alternative with respect to the same transactions, occurrences, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, and/or selling the same accused products. Specifically, as alleged in detail below, Defendants are alleged to infringe the Asserted Patent with respect to the same devices which enable secondary communication devices to receive communication services including, but not limited to, the LG Optimus Regard.

14. Defendants are properly joined under 35 U.S.C. §299(a)(2). Questions of fact will arise that are common to all defendants, including for example, whether Defendants' products have features that meet the features of one or more claims of the Asserted Patent, and what reasonable royalty will be adequate to compensate the owner of the Asserted Patent for their infringement.

15. Defendants use, make, sell, offer to sell and/or import devices that, when used, infringe on the Asserted Patent.

16. At least one right to relief is asserted against these parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering to sell, or selling of the same accused product and/or process.

## THE PATENT-IN-SUIT

### *The '482 Patent*

17. On September 7, 2010 the USPTO duly and legally issued the '482 Patent, entitled "Communication Service Subscription Management" after a full and fair examination to inventors Glenn A. Walker, Joseph R. Dockemeyer, Jr., Michael L. Hiatt, Jr., Harry Diamond, and Linda L. Miner. SecureNova is presently the owner by assignment of the '482 Patent, having received all rights, title, and interest in and to the '482 Patent. SecureNova possesses all rights of recovery under the '482 Patent, including the exclusive right to recover for past infringement. A true and correct copy of the '482 Patent is attached to this Complaint as Exhibit A.

## DESCRIPTION OF THE ACCUSED INFRINGEMENT

18. Defendants make, use, sell, offer to sell and/or import into the United States devices which perform a computer implemented method that enables secondary communication devices to receive communication services (the "Accused Products"). These Accused Products also include a processor-readable medium having processor-executable instructions for enabling secondary communication device to receive communication services. For example, the LG Optimus Regard serves as a portable hotspot device allowing sharing of its cellular internet connection with other devices in the process of performing a method to enable a secondary communication device to receive communication services.

## COUNT I: INFRINGEMENT OF THE '482 PATENT

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-18.

20. In violation of 35 U.S.C. § 271, LG is now, and has been directly infringing and/or inducing infringement of the '482 Patent.

21. Defendants have had knowledge of infringement of the '482 Patent at least as of the service of the present complaint.

22. LG has directly infringed and continues to directly infringe at least one claim of the '482 Patent by making, using, importing, offering to sell, and/or selling devices, such as the LG Optimus Regard, without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of LG's direct infringement of the '482 Patent, Plaintiff has been and continues to be damaged.

23. LG has indirectly infringed and continues to indirectly infringe at least one claim of the '482 Patent by actively inducing their respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or import devices, such as the LG Optimus Regard. LG engaged or will have engaged in such inducement having knowledge of the '482 Patent. Furthermore, LG knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, LG sells, offers to sell and advertises devices, such as the LG Optimus Regard, in Texas specifically intending that its customers buy and use said devices. Furthermore, the LG Optimus Regard includes a User Manual that instructs, among others, its customers, users, and licensees to perform the computer implemented method disclosed in the '482 Patent. Defendants' customers, users, and/or licensees perform said method when they use the LG Optimus Regard.

24. LG has contributorily infringed and continues to contributorily infringe at least one claim of the '482 Patent by selling and/or offering to sell devices, such as the LG Optimus

Regard, whose mobile hotspot feature is not a staple article of commerce and has no substantial non-infringing uses. LG has done this with knowledge of the '482 Patent and knowledge that this component constitutes a material part of the invention claimed in the '482 Patent. LG engaged or will have engaged in such contributory infringement having knowledge of the '482 Patent. As a direct and proximate result of LG's contributory infringement of the '482 Patent, Plaintiff has been and continues to be damaged.

25. To the extent that facts learned in discovery show that Defendants' infringement of the '482 Patent is or has been willful, SecureNova reserves the right to request such a finding at the time of trial.

26. As a result of Defendants' infringement of the '482 Patent, SecureNova has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

27. SecureNova will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court. As such, SecureNova is entitled to compensation for any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

28. SecureNova demands a trial by jury as to all issues that are triable by a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, SecureNova prays for the following relief:

A. That Defendants be adjudged to have infringed the Asserted Patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

B. That Defendants, their officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently enjoined from infringing the Asserted Patent;

C. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate SecureNova for the Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

D. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

E. That Defendants be directed to pay enhanced damages, including SecureNova's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

F. That SecureNova have such other and further relief as this Court may deem just and proper.

Dated: November 1, 2013	Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**The Davis Firm, PC**
222 N. Fredonia Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@badavisfirm.com

*Of Counsel*

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

**ATTORNEYS FOR PLAINTIFF SECURENOVA, LLC**