**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SECURENOVA, LLC | § § | |
| v. | § § | Case No. 2:13-CV-905-JRG-RSP |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILECOMM U.S.A., INC. | § § § § § | |

**ORDER**

Currently before the Court is the Report and Recommendation signed by Magistrate Judge Roy Payne on September 19, 2014 (Dkt. No. 23) recommending that LG's Motion to Dismiss (Dkt. No. 12) be denied.

The Court has considered the objections filed by Defendant. LG first argues that Magistrate Judge Payne erred because he "does not address . . . LG's request that the Court dismiss SecureNova's willful infringement claim." (Obj. at 1.) This statement appears obviously flawed, as LG never asked for the dismissal of a willful infringement claim – presumably because Securenova has not pled willful infringement. (Mot. at 13.) Instead, LG requested that this Court strike Securenova's statement that it may seek leave to add a willful infringement claim "to the extent that facts learned in discovery show that Defendants' infringement of the '482 Patent is or has been willful," a request which Judge Payne recommended denying when he recommended wholly denying LG's Motion. (*Id*., R&R at 4.) Although it is understood by all parties involved that the language in question has little legal effect, the Court has routinely declined to grant the extraordinary relief of striking a complaint simply because it contains such language. LG has failed to show that Judge Payne's refusal to strike the requested language is clearly erroneous or contrary to law.

LG next argues that "the report incorrectly applies Form 18 to indirect infringement claims," citing the proximity of Judge Payne's reference to one of LG's contentions to his finding that Securenova's complaint met the requirements of Form 18. LG has divorced the quotation in question from the context provided in the Report and Recommendation, which cited it as an example of "LG's motion [being] replete with arguments more appropriate for a motion for summary judgment." (R&R at 3.) As to the indirect infringement claims, Judge Payne properly found that "[i]t would be inappropriate for the Court to dismiss Securenova's complaint in its entirety simply because LG – unsurprisingly – disputes the factual allegations made within that complaint." (*Id*.) LG has failed to show that Judge Payne's finding with regard to indirect infringement is clearly erroneous or contrary to law.

LG's final line of argument states that "the report incorrectly indicates that LG conceded that the complaint satisfied Form 18." (Obj. at 3.) The Court does not read the Report and Recommendation as stating that LG *agreed* that the complaint met Form 18, but rather expressing consternation that LG chose to challenge a complaint that clearly *did* comply with Form 18. In any event, LG's contentions appear to be without merit. For example, LG contends in its objections that "SecureNova's Complaint failed to identify LG's specific acts that were alleged to constitute infringement, such as 'making, selling, and using'," allegations that clearly do appear in Securenova's complaint. (*See, e.g*., Dkt. 1 at par. 18.) Regardless of the Form 18 discussion, Judge Payne obviously agreed with LG that "Form 18 is not the sole hurdle to surviving a motion to dismiss" when he went beyond that analysis to find that "[w]hen the Court, as it is required to do, accepts the well-pleaded facts in Securenova's complaint as true, the claims made therein are facially plausible. Accordingly, a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is inappropriate here." (Obj. at 4; R&R at 3.)

- 3 -

## CONCLUSION

For the reasons set forth above, the Court finds that LG has failed to show that the conclusions in the Report and Recommendation are clearly erroneous or contrary to law, and accordingly **DENIES** LG's Motion to Dismiss (Dkt. 12).

**So ORDERED and SIGNED this 30th day of September, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE